1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

5UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCINE KAUFFMAN,

                Plaintiff,

     v.

ANCHOR BANK,

                Defendant.

CASE NO. C14-5510 RJB

ORDER ON MOTION FOR AWARD
OF ATTORNEY'S FEES

       This matter comes before the Court on the Defendant's Motion for Award of Attorney's
Fees.  Dkt. 54.  The Court has reviewed the pleadings filed regarding this motion and the
remaining record.

       Plaintiff, *pro se*, filed this case on June 26, 2014.  Dkt. 1. The case arises from a 2008
construction loan on property located in Ocean Shores, Washington.  Dkt. 1.  On June 18, 2015,
Defendant's motion to dismiss for lack of subject matter jurisdiction was granted.  Dkt. 52.
Plaintiff did not assert a federal claim for relief and failed to show that the Court had diversity

1   jurisdiction.  *Id.*  In the alternative, the Court found that even if it had jurisdiction, due to

2   Plaintiff's execution of a forbearance agreement, all Plaintiff's claims should be dismissed.  *Id.*

3          Defendant now seeks an award of $12,397.50 in attorney's fees incurred after the July 11,

4   2014 associated trustee's sale.  Dkt. 54.  For the reasons set forth below, Defendant's motion

5   should be denied.

6                                    **I.      FACTS**

7          On August 11, 2008, Plaintiff signed a Promissory Note for a loan of $300,000 with

8   Defendant to purchase property and build a house.  Dkt. 29-1, at 2.  The Note includes the

9   following:

10         COLLECTION COSTS AND ATTORNEY'S FEES:  I agree to pay all costs of
           collection, replevin, or any other similar type of cost if I am in default.  In
11         addition, if you hire an attorney to collect this note, I also agree to pay any fee
           you incur with such attorney plus court costs.
12
13  *Id*.  She also signed a Deed of Trust (Dkt. 29-3, at 2-16), Construction Loan Agreement, and

14  Addendums, (Dkt. 29-2, at 2-8).  The Deed of Trust provided:

15         14. Loan Charges. Lender may charge Borrower fees for service performed in
           connection with Borrower's default, for the purpose of protecting Lender's
16         interest in the Property and rights under this Security Instrument, including, but
           not limited to, attorneys' fees, property inspection and valuation fees.
           . . .
17         26. Attorneys' Fees.  Lender shall be entitled to recover its reasonable attorneys'
           fees and costs in any action or proceeding to construe or enforce any term of this
18         Security Instrument.

19  Dkt. 29-3, at 2-16.  After execution of the documents, construction began. Dkt. 1.

20         The following remaining facts are found in the Court's June 18, 2015 Order:

21         Construction was not completed in the timeframe contemplated by the parties,
           and an Extension Agreement was executed to allow Plaintiff extra time to
22         complete the house. Dkt. 29-4, at 2-3.  The new maturity date for the construction
           loan was March 1, 2010.  *Id.*
23         The note was not paid by March 1, 2010, so Defendant started foreclosure
           proceedings. Dkt. 29, at 3.  To stop foreclosure, Plaintiff negotiated a loan
24

1    modification and both parties executed a Forbearance Agreement dated June 18,
     2010.  Dkt. 29-5.  In exchange for the loan modification and Defendant's
2    forbearing from foreclosure, Plaintiff granted the following waiver:

3            As additional consideration for the promises made by [Anchor
             Bank] in this agreement, and subject to completion by both Parties
4            of all the contingent responsibilities outlined herein, [Plaintiff]
             hereby releases and forever discharges Anchor Bank, its officers,
5            agents and employees and former officers, agents and employees
             from any and all claims and demands of every nature whatsoever
6            which were asserted or could have been asserted by [Plaintiff]
             arising out of and pertaining to the aforementioned loan any and all
7            transactions, dealings, conduct, acts or omissions of Anchor Bank
             at any time prior to the date of execution of this agreement,
8            including, but not limited to, attorneys' fees, costs, assessments,
             penalties, or taxes.
9
     Dkt. 29-5, at 3. Under the new loan modification, signed in August of 2010,
10   Plaintiff agreed to pay Defendant $309,646.00 in monthly installments of
     $2,060.08.  Dkt. 29-6.
11           Plaintiff made payments under the modified agreement until July 1, 2013,
     when she ceased making payments.  Dkt. 29, at 4.  Defendant began foreclosure
12   proceedings. *Id.*
             Plaintiff filed this case on June 26, 2014, seeking, in part, to stop
13   Defendant's scheduled foreclosure sale dated for July 11, 2014.  Dkt. 1.
     Plaintiff's motion for emergency injunctive relief barring Defendant from
14   foreclosing on the property was denied.  Dkt. 6.
             The property was sold at a trustee's sale on July 11, 2014 to Defendant.  Dkt.
15   29, at 4.

16   Dkt. 52, at 1-3.

17           Although the exact nature of her claims was unclear, Plaintiff's Complaint stated, "[t]he

18   case I am filing concerns Federal Law and the Defendant Anchor Bank exists under Federal

19   Regulations."  Dkt. 1, at 2.  She sought injunctive relief from the Court to stop the foreclosure

20   sale (which was denied on July 8, 2014 – the trustee's sale took place on July 11, 2014).

21   Plaintiff also sought damages:  she wanted the Defendant to "repay" her for the fraud it

22   committed, the extra interest and debt it added to her mortgage, and maintained that her contract

23   with Defendant should be voided because of the fraud.  *Id.*, at 5.

24

ORDER ON MOTION FOR AWARD OF
ATTORNEY'S FEES- 3

1    On August 5, 2014, Defendant's attorney filed a notice of appearance. Dkt. 13.

2   Defendant filed a motion for extension of time to file a Joint Status Report (Dkt. 20) and filed a

3   Joint Status Report (Dkt. 23).  On March 16, 2015, Plaintiff's motion to extend all pre-trial

4   deadlines sixty to ninety days was granted due to Plaintiff's heart surgery.  Dkt. 25.  On March

5   17, 2015, a modified case schedule was issued.  Dkt. 27.  Defendant then filed its motion to

6   dismiss for lack of subject matter jurisdiction and/or for summary judgment.  Dkt. 28.  As to the

7   motion for summary judgment, Defendant argued that all Plaintiff's claims were based on events

8   that occurred before the June 18, 2010 Forbearance Agreement was signed, and so were barred

9   based on that agreement.  Dkt. 28.  That motion was granted on June 18, 2015, as discussed

10   above, and the case dismissed.  Dkt. 52.

11    Defendant now moves for an award of attorney's fees incurred after the trustee's sale

12   which occurred on July 11, 2014. Dkt. 54.  It argues that it is entitled to an award of fees under

13   the provisions in the Note and Deed of Trust regarding fees and under the principle of mutuality

14   of remedy.  *Id.*  The motion was noted for July 17, 2015.  *Id.*  Plaintiff failed to respond.  The

15   motion is ripe for review.

16                                    **II.     DISCUSSION**

17   **A.  JURISDICTION**

18    On Defendant's motion, this Court has already held that it does not have subject matter

19   jurisdiction to hear this case.  Dkt. 52.  Defendant now asks the Court to award fees under

20   Washington law, but provides no jurisdictional basis for such an award.  The motion should be

21   denied.

22    Further, even if the Court had jurisdiction, the motion should be denied.

23   **B.  RULE 54  AND MOTION FOR ATTORNEY'S FEES**

24

Under Fed. R. Civ. P. 54(d)(2), unless a statute or a court order provides otherwise, a motion for attorneys' fees must be filed no later than 14 days after the entry of judgment.  Further, the motion "must specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Rule 54(d)(2)(ii).

The judgment in this case was entered on June 23, 2015.  Dkt. 53.  This motion was made on June 30, 2015.  Dkt. 54.  It was timely under the rule.

Although Plaintiff did not respond to the motion, Defendant certifies that it filed the motion electronically with the Clerk of the Court using the CM/ECF system and that "the person registered with the CM/ECF system will receive notification of such filing via the CM/ECF system."  Dkt. 54, at 8.   Plaintiff has been registered to receive notifications via CM/ECF since July 9, 2014.  Dkt. 7.  Plaintiff filed responses to Defendant's other motions which were sent to her via the CM/ECF system.

## C.  ATTORNEY'S FEES UNDER THE CONTRACTUAL PROVISIONS

"In Washington, attorney fees may be awarded when authorized by a contract, a statute, or a recognized ground in equity."  *Kaintz v. PLG, Inc*., 147 Wash. App. 782, 785, 197 P.3d 710, 712 (2008) (*citing Fisher Props., Inc. v. Arden–Mayfair, Inc*., 106 Wash.2d 826, 849–50, 726 P.2d 8 (1986)).  Defendant argues that it is entitled to an award of fees under the provisions in the Note and Deed of Trust and Washington law.  Dkt. 54. Under RCW § 4.84.330:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

The statute defines "prevailing party" as the "party in whose favor final judgment is rendered."

1    In order to determine whether Defendant is entitled to an award of fees, the language of

2  the two contracts should be examined. Review of the plain language of the Note leads to the

3  conclusion that Defendant is not entitled to collect fees under the Note.  The Note provides that if

4  Defendant hired an attorney to collect on the note, then Plaintiff agreed to pay any fee incurred

5  "with such attorney plus court costs."  Dkt. 29-1, at 2.  Defendant did not hire counsel here to

6  "collect on the note."  Likewise, the Deed of Trust provides that:

7       14. Loan Charges. Lender may charge Borrower fees for service performed in
        connection with Borrower's default, for the purpose of protecting Lender's
8       interest in the Property and rights under this Security Instrument, including, but
        not limited to, attorneys' fees, property inspection and valuation fees.
9       . . .
        26. Attorneys' Fees.  Lender shall be entitled to recover its reasonable attorneys'
10      fees and costs in any action or proceeding to construe or enforce any term of this
        Security Instrument.
11
   Dkt. 29-3, at 2-16.
12
13      The Court should not award fees under the fee provisions in the Deed of Trust.

14  Defendant argues that it is entitled to fees under the Deed of Trust because Plaintiff sought relief

15  to enjoin the trustee's sale, which was executed under the Deed of Trust.  The sale, however,

16  took place almost a month before Defendant's counsel filed his August 5, 2014 Notice of

17  Appearance.  The first date on which Defendant's counsel requests fees is August 4, 2014.  Dkt.

18  55, at 5.  Aside from this discussion regarding fee provisions, there has been no discussion,

19  attempt to "construe or enforce any of the term[s]" of the Deed of Trust in this case.  Defendant's

20  motion to dismiss was based on lack of subject matter jurisdiction (there was no federal question

21  and the parties were not diverse at the time of filing).  Its motion for summary dismissal was

22  based on a forbearance agreement (in which Plaintiff released Defendant from any and all

23  claims).  Defendant has not shown that it is entitled to fees under the Deed of Trust.

24

ORDER ON MOTION FOR AWARD OF
ATTORNEY'S FEES- 6

1     Further, even if the attorney's fees provision of the Deed of Trust applied, Defendant

2 acknowledges that RCW 61.24.100(1) may be problematic.  RCW 61.24.100(1) provides that:

3 "[e]xcept to the extent permitted in this section for deeds of trust securing commercial loans, a

4 deficiency judgment shall not be obtained on the obligations secured by a deed of trust against

5 any borrower, grantor, or guarantor after a trustee's sale under that deed of trust."  This case was

6 begun just before the trustee's sale.  It is not wholly clear that an award of fees may well be

7 barred by RCW 61.24.100(1).

8 **D.  ATTORNEY'S FEES UNDER THE PRINCIPLE OF MUTUALITY OF REMEDY**

9     The "mutuality of remedy exists as a well recognized principle of equity in Washington."

10 *Kaintz v. PLG, Inc.*, 147 Wash. App. 782, 789 (2008).  It "can support the award of attorney fees

11 to the prevailing party in an action brought on a contract. . . even in circumstances in which the

12 party that prevailed did so by establishing that the contract at issue was unenforceable or

13 inapplicable."  *Id*.

14     Defendant argues that it should be awarded fees under this principle.  Dkt. 54.  Defendant

15 acknowledges that "mutuality of remedy applies where a party successfully defends an action on

16 a contract or statute containing an attorney's fee provision by arguing that the contract or statute

17 is void."  Dkt. 54.  Defendant then urges that this principle should be extended and applied to

18 post-foreclosure litigation by a borrower.  *Id*.

19     Defendant's motion for an award of fees under the principle of mutual equity should be

20 denied.  Defendant cites to no authority for its position that the principle should apply in a case

21 like this one in which the attorney's fees provision is unilateral.  That is, Defendant is the only

22 party entitled to recover fees under these provisions, unlike in bilateral fee provisions where the

23 either party may recover fees if they prevail.  Defendant's motion should be denied.

24

ORDER ON MOTION FOR AWARD OF
ATTORNEY'S FEES- 7

## III.    ORDER

It is **ORDERED**:

- Defendant's Motion for Award of Attorney's Fees (Dkt. 54) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of July, 2015.

*Robert J Bryan*

ROBERT J. BRYAN
United States District Judge